Yeates J.
The chief justice and Mr. Justice Shippen decline to give any opinion on the special verdict, by reason of their being trustees of the University. Mr. Justice Bradford feels the same delicacy, from being formerly retained as counsel on the part of the trustees. It falls therefore to my share to deliver the judgment of the court, though I should have been better pleased to have first heard the arguments of counsel on the special verdict.
There can be no question in this, that the plaintiff’s merely buying the lot of ground and premises, formerly the property of his brother William Austin, from the agents of forfeited estates, did not vest the title thereto in him, without complying with the terms of the purchase. The special verdict states, that he purchased in August 1780, and also' on the 6th of November 1780, but did not comply.with the terms of either sale, except so far as is stated in the last sale, which certainly was no performance of the conditions under which he bought. In both instances, under the act of the 6th March 1778, he forfeited to the state one-fourth part of the consideration monies bid.
The plaintiff’s claim then must be chiefly founded on the act of the 6th August 1784, which it is said vested the real estate of his brother in him. But the act was repealed previous to the institution of the suit, by a law enacted on the 18th February 1785, for the reasons particularly enumerated in the preamble thereof, and I have no difficulty in declaring for the same reasons, that the former act was unconstitutional. It is however repealed by the same authority which enacted it, and therefore the plaintiff’s title cannot be assisted thereby.
*If it be said that the repealing act affected a right r*oft2 vested in the plaintiff under the act of 6th August L 1784, it may readily receive this answer, that the act of 18th February 1785, only put matters in their former situation, as they were previous to the passing of both the laws, and left the decision of the plaintiff’s claim to the judicial authority.
On the whole I am of opinion, there appeared a manifest defect of title on the part of the plaintiff whereon to ground his action, and that judgment be entered for the defendants.